Good morning, Your Honor. May it please the Court, before I start, I had a pre-hearing discussion with government counsel and… Could you repeat your name, please, so I didn't catch you. I'm sorry. Armin Skalmowski. Thank you. Former petitioner, Ying Zhang. I had a pre-hearing discussion with government counsel who told me that he would suggest a remand in this matter because he believes that the IJA's credibility analysis is not reviewable in the present form due to some questionable analysis as to respondents' credibility and also future persecution and past persecution that she may have suffered in this matter. It looks like you probably saved us a difficult decision. Would counsel for the government please confirm for us? Good morning. Francis W. Fraser for Respondent. I apologize. I was not able to look at this case until yesterday on the way out here, and when I reviewed the hearing transcript in the immigration judge's decision, what occurred to me is that I think the immigration judge's intent to make an adverse credibility finding is clear, but a problem arises with what in my view were the opinions that he formulated to sustain that. He used words like, interestingly, petitioner has failed to explain, or the court is quite puzzled, or that a finding was troubling, or that he found it odd. I don't think that those kind of subjective opinions really lend themselves to substantial evidence review, and additionally, because the immigration judge did not reach the other asylum or withholding eligibility issues, the questions of past persecution are a well-founded fear. I would propose that the case be remanded under Ventura for the IJA to make express credibility findings and address other asylum eligibility issues. Other asylum eligibility issues. Perhaps it would be helpful to you, since we've prepared for the case, if Judge Silverman and I just mentioned to you a couple things that were on our mind. I hope you're not going to tell me that you were going to find for the government. I think we didn't know what we were going to do. I had a couple things that bothered me. One was on the picture showing 1998, when she says it's 2001, I didn't think that was anything that the IJA could hang its hat on, because so many people have VCRs that flash 12 o'clock, and they never do set up their cameras so that the automatic date feature works, and they just don't do it. So they buy the camera, and it reflects the date the manufacturer defaults to. I agree. And there are a couple other things that bothered me. One was the IJA was bothered. He thought it was an inconsistency that her father, she says her father introduced her to Falun Gong, and he was Falun Gong, and then he wasn't practicing anymore. And I didn't think that was an inconsistency. I can see how a lot of people could withdraw from their religious practice when the government imposed the harsh sanctions that it does. And a third thing that bothered me was the IJA thought it was inconsistent that in her hometown, she practices Falun Gong in the secrecy of her living room or her apartment, but then she says she participates in this big demonstration in Tiananmen Square and in some regional capital. I didn't think that was inconsistent at all. If I lived in Derbyville, North Carolina in 1961, I would participate in the March on Washington, but I wouldn't be too conspicuous about my demonstrating in little Derbyville. If I may, I agree with Your Honor's comment about the photograph. Unfortunately, the immigration judge neglected to mention the fact that the petitioner's witness basically corroborated that the photograph was taken on the day that she claimed that it was taken. I remember that. Yes. The other two findings, I think those go to what I was saying before, that the immigration judge didn't really make a finding that could be reviewed. He expressed an opinion that it's puzzling that somebody would do one thing and then do another thing. I would have preferred a finding that it's not plausible or that he doesn't believe it or something like that. And as to the third, I'm not sure that regarding whether the father was currently or was not practicing Falun Gong, I didn't read the immigration judge as noting that, but not really, again, not really making a finding about it or why it mattered. So... Thank you. Judge Silverman, did you wish to add anything? No, except that I, Mr. Fraser, appreciate the responsible way in which you've handled this. Thank you. Well, as I said, I wish I had been able to review this matter before I left home. I could have made a motion to remand, but yesterday was my day. As you and I know, long airplane trips have some advantages. They do. Judge Wade, did you have anything you wish to add? No, I don't wish to. Thank you, counsel, and thank you for your responsibility in handling this matter. Thank you, gentlemen. As Zhang v. Gonzalez will, on stipulation of counsel, be remanded for an express credibility finding and to address other asylum issues.
judges: Lay, Kleinfeld, Silverman